# Exhibit A

643 S.W.3d 295
Supreme Court of Missouri,
en banc.

CITY OF ST. LOUIS; St. Louis County;
and Jackson County, Appellants,

v.

STATE of Missouri; and Eric Schmitt,
Attorney General of Missouri, Respondents.

No. SC 99290
|
Opinion issued April 26, 2022

**Synopsis**
**Background:** City and counties filed declaratory judgment action against state, seeking declaration that Second Amendment Protection Act (SAPA) was unconstitutional and requesting injunctive relief. State moved for judgment on pleadings, and the Circuit Court, Cole County, Daniel R. Green, J., sustained the motion. City and counties appealed.

**Holdings:** The Supreme Court, Draper, J., held that:

[1] plaintiffs lacked adequate remedy at law in which to adjudicate their specific constitutional challenges, but

[2] Supreme Court would decline to invoke rule governing disposition on appeal and enter judgment on merits.

Reversed and remanded.

Fischer, J., filed dissenting opinion.

**Procedural Posture(s):** On Appeal; Motion for Judgment on the Pleadings.

West Headnotes (12)

**[1]** **Appeal and Error** Judgment on the pleadings

The Supreme Court reviews the trial court's grant of judgment on the pleadings de novo.

**[2]** **Appeal and Error** Judgment on the pleadings

When reviewing the trial court's ruling on a motion for judgment on the pleadings, the Supreme Court must determine whether the state is entitled to judgment as a matter of law on the face of the pleadings.

1 Case that cites this headnote

**[3]** **Declaratory Judgment** Motions in general

The Supreme Court must treat plaintiffs' well-pleaded facts from their declaratory judgment petition as admitted for purposes of the state's motion for judgment on the pleadings.

**[4]** **Appeal and Error** Verdict, Findings, Sufficiency of Evidence, and Judgment

The Supreme Court will affirm the judgment if it is supported by any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient.

**[5]** **Declaratory Judgment** Adequacy of other remedy

City and counties lacked adequate remedy at law in which to adjudicate their specific constitutional challenges, in proceeding on their declaratory judgment action against state seeking declaration that Second Amendment Protection Act (SAPA) was unconstitutional and requesting injunctive relief, though state argued pending lawsuits against plaintiffs provided them with opportunities to assert their constitutional challenges; plaintiffs were not required to subject themselves to multiple, individual suits to assert their constitutional challenges, and lawsuits likely would not provide plaintiffs opportunity to adjudicate their specific constitutional claims due to their procedural posture and thus did not provide plaintiffs with adequate remedy of law.

U.S. Const. Amend. 2; Mo. Ann. Stat. § 1.410 et seq.

Appellate Case: 23-1457   Page: 2   Date Filed: 03/13/2023 Entry ID: 5254573

**[6]**   **Declaratory Judgment** ⚷ Right to declaratory relief in general

The interest of being free from the constraints of an unconstitutional law is an interest that is entitled to legal protection in the form of a declaratory judgment.

**[7]**   **Declaratory Judgment** ⚷ Necessity, utility and propriety

**Declaratory Judgment** ⚷ Adequacy of other remedy

**Declaratory Judgment** ⚷ Nature and elements in general

A declaratory judgment provides guidance to the parties, declaring their rights and obligations or otherwise governing their relationship, and generally may be granted when a court is presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

**[8]**   **Declaratory Judgment** ⚷ Adequacy of other remedy

The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment.

1 Case that cites this headnote

**[9]**   **Declaratory Judgment** ⚷ Pendency of other action

When an alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions.

**[10]**   **Declaratory Judgment** ⚷ Validity of statutes and proposed bills

Parties need not subject themselves to a multiplicity of suits or litigation or await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction; once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act. Mo. Ann. Stat. § 527.010 et seq.

**[11]**   **Declaratory Judgment** ⚷ Declaratory relief

Following determination that city and counties had no adequate remedy at law other than to pursue declaratory judgment action, Supreme Court would decline to invoke rule governing disposition on appeal and enter judgment on merits, in proceeding on plaintiffs' declaratory judgment action against state seeking declaration that Second Amendment Protection Act (SAPA) was unconstitutional and requesting injunctive relief; trial court had not been afforded any opportunity to review merits of plaintiffs' constitutional challenges or their claims for injunctive relief, and plaintiffs conceded they had not filed dispositive motion seeking declaration SAPA was unconstitutional. U.S. Const. Amend. 2; 🚩Mo. Ann. Stat. § 1.410 et seq.; Mo. Sup. Ct. R. 84.14.

**[12]**   **Declaratory Judgment** ⚷ Declaratory relief

When there are no disputed facts, and the issue is a purely legal one, the court reviewing a declaratory judgment action will declare the rights and duties of the parties.

**\*296 APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY**, The Honorable Daniel R. Green, Judge

**Attorneys and Law Firms**

The city was represented by Michael A. Garvin and Robert H. Dierker of the city counselor's office in St. Louis, 314) 622-3361.

St. Louis County was represented by Mary L. Reitz of the St. Louis County counselor's office in Clayton, (314) 615-7042.

Jackson County was represented by Dawn J. Diel of the Jackson County counselor's office in Kansas City, (816) 881-3811.

The state and attorney general were represented by D. John Sauer and Jesus A. Osete of the attorney general's office in Jefferson City, (573) 751-3321.

**Opinion**

GEORGE W. DRAPER III, Judge

The City of St. Louis, St. Louis County, and Jackson County (hereinafter and collectively, "Plaintiffs") filed a declaratory judgment action seeking a declaration that the Second Amendment Protection Act **\*297** (hereinafter "SAPA"), codified in sections 1.410 through 1.485,[1] is unconstitutional and requesting injunctive relief. The state moved for judgment on the pleadings, alleging Plaintiffs had adequate remedies at law rendering a declaratory judgment improper and, alternatively, defending SAPA's constitutional validity. The circuit court sustained the state's motion for judgment on the pleadings, finding Plaintiffs had an adequate remedy at law because multiple, individual lawsuits are pending in which Plaintiffs could assert their constitutional challenges. Plaintiffs appealed to this Court.[2]

This Court holds Plaintiffs met their burden of demonstrating they are entitled to proceed with a declaratory judgment action because they lack an adequate remedy at law in which to adjudicate their specific constitutional challenges. Because Plaintiffs failed to file a dispositive pleading and the circuit court did not have the opportunity to adjudicate their constitutional challenges or claims for injunctive relief in the first instance, this Court declines to enter judgment pursuant to Rule 84.14. The circuit court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

**Factual and Procedural Background**

In 2021, the General Assembly passed House Bills Nos. 85 and 310, collectively known as SAPA, which repealed section 1.320, RSMo 2016, and enacted "in lieu thereof nine new sections relating to the sole purpose of adding additional protections to the right to bear arms, with penalty provisions and an emergency clause." 2021 Mo. Legis. Serv. H.B. 85 & 310. These provisions were codified in sections 1.410 through 1.485.

SAPA's first four sections contain legislative findings and declarations. In particular, section 1.410 contains ten legislative findings and declarations concerning the relationship between the federal government and its federal acts, laws, executive orders, administrative orders, rules, and regulations (hereinafter and collectively, "federal gun laws") and the state as they impact Missouri's law-abiding citizens' right to keep and bear arms. Section 1.420 declares certain federal gun laws "shall be considered infringements on the people's right to keep and bear arms" in Missouri. Section 1.430 states all federal gun laws "that infringe upon the people's right to keep and bear arms ... shall not be recognized by this state, shall be specifically rejected by this state, and shall not be enforced by this state." Section 1.440 directs Missouri courts and law enforcement agencies to "protect the rights of law-abiding citizens to keep and bear arms" within Missouri "and to protect these rights from infringement as defined under section 1.420."

SAPA's five remaining sections comprise the substantive provisions to enforce these legislative declarations. Section 1.450 removes from Missouri entities, persons, public officers, state employees, and political subdivisions "the authority to enforce or attempt to enforce any" federal gun law "infringing on the right to keep and bear arms as described under section 1.420." However, nothing in SAPA "shall be construed to prohibit Missouri officials from accepting aid from federal officials in an effort to enforce Missouri laws." *Id.* Sections 1.460 and 1.470 impose civil liability on state political subdivisions and law enforcement **\*298** agencies that employ individuals who knowingly violate "section 1.450 or otherwise knowingly deprive[ ]" Missouri citizens of their rights to keep and bear arms. Specifically, these actors "shall be liable to the injured party in an action at law, suit in equity, or other proper proceeding for redress, and subject to a civil penalty of fifty thousand dollars per occurrence." Section 1.460.1. Moreover, any state "political subdivision or law

Appellate Case: 23-1457   Page: 4   Date Filed: 03/13/2023 Entry ID: 5254573

enforcement agency that knowingly employs an individual acting or who previously acted as an official, agent, employee, or deputy of the government of the United States, or otherwise acted under the color of federal law within [Missouri], who has knowingly" either "[e]nforced or attempted to enforce any of the infringements identified in section 1.420" or "[g]iven material aid and support to the efforts of another who enforces or attempts to enforce any of the infringements identified in section 1.420" is likewise "subject to a civil penalty of fifty thousand dollars per employee hired by the political subdivision or law enforcement agency." Section 1.470.1(1)-(2). Section 1.480.1 defines a "law abiding citizen." Section 1.480.2 sets forth what actions constitute "material aid and support." Subsections (3) and (4) of section 1.480 enumerate exceptions in which providing material aid and support will not constitute a SAPA violation. Section 1.480.5 provides SAPA "shall be applicable to offenses occurring on or after August 28, 2021." Section 1.485 contains a severability clause.

In June 2021, shortly after the governor signed SAPA into law, the City of St. Louis and St. Louis County filed a declaratory judgment action seeking to declare SAPA unconstitutional and moved for a preliminary injunction to prevent SAPA from being enforced while the litigation was pending. The declaratory judgment petition subsequently was amended to add Jackson County as an additional plaintiff. Plaintiffs' petition alleged SAPA infringed upon rights guaranteed by the state and federal constitutions, curtailed law enforcement officers' ability to investigate, apprehend, and prosecute criminals: and violated the United States Supremacy Clause. The petition further claimed SAPA violated the Missouri Constitution because it: usurped the power and authority granted to charter cities and counties; did not having a single subject, clear title, or original purpose; created a special law; and infringed upon the separation of powers. The petition stated, because SAPA did not identify specific federal gun laws it deemed unconstitutional, Plaintiffs "were in doubt concerning their rights, duties, and liabilities" under SAPA regarding which federal gun laws could not be enforced. Because sections 1.420 and 1.450 were vague and indefinite, Plaintiffs maintained they "were in doubt concerning their potential liability" under sections 1.460 and 1.470. Plaintiffs alleged, because they employed and continued to employ law enforcement officers who have or will undertake to enforce federal gun laws, they were at risk for civil penalties. Plaintiffs' petition set forth instances in which SAPA enforcement would be "almost assuredly disastrous" with respect to participating in national criminal

background and integrated ballistic databases, working with the federal government on joint task forces and through cooperative agreements, receiving federal funding, training, and equipment, and allowing state law enforcement officers to testify in federal court involving federal firearms offenses. Plaintiffs' petition concluded by seeking a declaration SAPA was unconstitutional and requesting injunctive relief preventing the implementation, enforcement, or application of the unconstitutional statutes. The parties agreed to continue the preliminary injunction hearing and consolidate it with a trial on the merits **\*299** because the civil penalties for specific actions would not take effect until August 28, 2021.

The state filed its answer and affirmative defenses, alleging Plaintiffs failed to plead and prove a justiciable controversy ripe for adjudication existed in that they failed to identify any attempt by the state to enforce or threaten to enforce SAPA or demonstrate a concrete dispute in which SAPA affected Plaintiffs' operations. The state further alleged SAPA was constitutional.

In August 2021, the City of St. Louis renewed its motion for a preliminary injunction, in which St. Louis County and Jackson County joined, and filed memoranda in support. In their renewed motion, Plaintiffs alleged they were parties to several task forces with federal law enforcement agencies. As part of that participation, Plaintiffs' law enforcement officers regularly participated with federal officers in investigations and arrests involving federal gun law violations and are deputized as federal law enforcement officers for that purpose. Plaintiffs stated they receive federal funds for training, equipment, and overtime pay, along with use of federal equipment, vehicles, and databases. Plaintiffs alleged they were at risk of incurring civil penalties under SAPA for participating in these activities, among other things, and sought to enjoin SAPA enforcement while the litigation was pending. The state opposed the preliminary injunction and filed a motion for judgment on the pleadings, reiterating that Plaintiffs failed to plead and prove a justiciable controversy ripe for adjudication existed. The state further argued Plaintiffs had an adequate remedy at law in that they could assert their constitutional claims as affirmative defenses in any SAPA enforcement action then pending against Plaintiffs (hereinafter, "pending lawsuits"). The state alternatively contended, even if Plaintiffs had no adequate remedy at law, the state was entitled to judgment on the pleadings because SAPA is constitutional.

Appellate Case: 23-1457    Page: 5    Date Filed: 03/13/2023 Entry ID: 5254573

The circuit court held a hearing on both motions on the same day. The state admitted there was "substantial overlap between the two motions" and suggested they be argued simultaneously, which occurred. [3] The circuit court sustained the state's motion for judgment on the pleadings, finding the Plaintiffs had an adequate remedy at law because they could litigate their constitutional challenges in the pending lawsuits. Plaintiffs appeal, raising five points.

### Standard of Review

**[1]** **[2]** **[3]** **[4]** "This Court reviews the circuit court's grant of judgment on the pleadings *de novo.*" *Gross v. Parson*, 624 S.W.3d 877, 883 (Mo. banc 2021). When reviewing the circuit court's ruling, this Court must determine whether the state is entitled to judgment as a matter of law on the face of the pleadings. *Id.* This Court must treat Plaintiffs' well-pleaded facts from their declaratory judgment petition as admitted for purposes of the state's motion. *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020). "This Court will affirm the judgment if it is supported by any theory, 'regardless of whether the reasons **\*300** advanced by the [circuit] court are wrong or not sufficient.' " *Gross*, 624 S.W.3d at 883 (alteration in original) (quoting *Rouner v. Wise*, 446 S.W.3d 242, 249 (Mo. 2014)).

### Declaratory Judgment Action Challenging SAPA's Constitutional Validity

**[5]** In their first point, Plaintiffs argue the circuit court erred in sustaining the state's motion for judgment on the pleadings because they demonstrated the requisite lack of adequate remedy and likelihood of irreparable harm warranting declaratory judgment and injunctive relief. Plaintiffs argue they cannot obtain complete relief by raising their constitutional claims challenging SAPA's validity in the individual SAPA enforcement actions currently pending. Plaintiffs allege being compelled to defend multiple lawsuits is the very reason declaratory and injunctive relief is warranted.

**[6]** **[7]** The Declaratory Judgment Act is "remedial" in that "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Section 527.120, RSMo 2016; *see also Planned Parenthood of Kan. v. Nixon*, 220 S.W.3d 732, 738 (Mo. banc 2007). "The interest of being 'free from the constraints of an

unconstitutional law' is an interest that 'is entitled to legal protection.' " *Rebman v. Parson*, 576 S.W.3d 605, 609 (Mo. banc 2019) (quoting *Mo. Alliance for Retired Ams. v. Dep't of Labor & Indus. Relations*, 277 S.W.3d 670, 677 (Mo. banc 2009)). Hence, "[a] declaratory judgment action has been found to be a proper action to challenge the constitutional validity of a criminal statute or ordinance." *Alpert v. State*, 543 S.W.3d 589, 592 (Mo. banc 2018) (quoting *Tupper v. City of St. Louis*, 468 S.W.3d 360, 368 (Mo. banc 2015)).

A declaratory judgment provides guidance to the parties, declaring their rights and obligations or otherwise governing their relationship ... and generally may be granted when a court is presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Gurley v. Mo. Bd. of Private Investigator Examiners*, 361 S.W.3d 406 (Mo. banc 2012) (quoting *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 760 (Mo. banc 2010)).

The state's motion for judgment on the pleadings focused on whether Plaintiffs pleaded a justiciable controversy ripe for adjudication and whether Plaintiffs had an inadequate remedy at law. The state first argued Plaintiffs failed to plead a justiciable controversy ripe for adjudication because they failed to identify any attempt by the state to enforce or threaten to enforce SAPA. "This Court repeatedly has rejected the notion a person must violate the law to create a ripe controversy." *Alpert*, 543 S.W.3d at 594. Likewise, this Court has held pre-enforcement actions to assert constitutional

Appellate Case: 23-1457    Page: 6    Date Filed: 03/13/2023 Entry ID: 5254573

claims present a justiciable controversy ripe for adjudication.

For example, in *Nicolai v. City of St. Louis*, 762 S.W.2d 423, 424 (Mo. banc 1988), a cat owner brought a declaratory judgment action disputing the authority of the city to tax his premises as a cat kennel prior to being cited with a violation. The circuit court dismissed his action for failure to state a claim upon which relief could be granted and for failing to exhaust administrative **\*301** remedies, and the cat owner appealed. *Id.* This Court rejected the city's argument the cat owner could raise his constitutional challenge as a defense in a subsequent criminal prosecution. *Id.* at 425. This Court explained the claim was "ripe for judicial resolution, and there was no need for him to await criminal prosecution before seeking a determination of his rights." *Id.*; *see also Alpert*, 543 S.W.3d at 595 (holding the plaintiff's pre-enforcement constitutional challenge to a statute that precluded him from obtaining a federal firearms license and possessing firearms was ripe even though the defense could be raised in a subsequent criminal prosecution); *Planned Parenthood*, 220 S.W.3d at 738 (holding the plaintiffs' constitutional claims were ripe even though neither the attorney general nor the state had attempted to enforce the statute); *Bldg. Owners & Managers Ass'n of Metro. St. Louis, Inc. v. City of St. Louis, Mo.*, 341 S.W.3d 143, 149 (Mo. App. E.D. 2011) (finding a pre-enforcement challenge was ripe even though the plaintiffs would be subject to criminal penalties if they violated the ordinance's provisions); *Tupper*, 468 S.W.3d at 370 (stating the plaintiffs' challenge to the city's red light camera ordinance was ripe despite neither plaintiff facing prosecution at the time the challenge was raised).

The state next argued Plaintiffs did not demonstrate the dispute was immediate and concrete. This assertion is belied by the fact Plaintiffs currently are defending themselves in the pending lawsuits, hence demonstrating an immediate and concrete dispute. Finally, the state argued Plaintiffs have an adequate remedy at law. The state contended Plaintiffs can assert their constitutional claims as a defense to any SAPA enforcement action, including the five pending lawsuits. The state maintains the pending lawsuits provide Plaintiffs with more opportunities to assert their constitutional challenges and notes Plaintiffs have raised these challenges therein. Plaintiffs contend the pending lawsuits do not afford them the opportunity to assert their specific constitutional challenges and could subject them to conflicting judgments. Both parties asked this Court to take judicial notice of the pending lawsuits to resolve this issue.

**[8]** **[9]** **[10]** "The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment." *City of Kan. City, Mo. v. Chastain*, 420 S.W.3d 550, 555 (Mo. banc 2014). This Court generally recognizes when an "alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." *Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011) (quoting *Am. Family Mut. Ins. Co. v. Nigl*, 123 S.W.3d 297, 302 (Mo. App. E.D. 2003)). However,

> [p]arties need not subject themselves to a multiplicity of suits or litigation or await the imposition of penalties under an unconstitutional enactment in order to assert their constitutional claim for an injunction .... Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act.

*Alpert*, 543 S.W.3d at 595 (alteration in original) (quoting *Planned Parenthood*, 220 S.W.3d at 739).

Plaintiffs need not subject themselves to multiple, individual suits to assert their constitutional challenges. Moreover, a cursory review of the pending lawsuits demonstrate they were either filed before SAPA's effective enforcement date of August **\*302** 28, 2021,[4] or filed after August 28, 2021, but stating the alleged conduct upon which the SAPA violation is premised occurred before August 28, 2021.[5] Noting these facts from the face of the pleadings does not constitute an opinion by this Court about the merits of those pending lawsuits; however, they likely will not provide Plaintiffs an opportunity to adjudicate their specific constitutional claims due to their procedural posture and, therefore, do not provide Plaintiffs with an adequate remedy at law.[6] Accordingly, this Court holds the circuit court erred in entering judgment on the pleadings in the state's favor because Plaintiffs lack an adequate remedy at law in which to adjudicate their specific constitutional challenges.

Although the dissenting opinion asserts Plaintiffs have an adequate remedy at law because nothing bars them from raising their constitutional claims as affirmative defenses in

Appellate Case: 23-1457    Page: 7    Date Filed: 03/13/2023 Entry ID: 5254573

any pending suit or in the future, it fails to recognize or distinguish this Court's precedent holding a party need not face a multiplicity of lawsuits or wait for an enforcement action to be initiated before seeking a declaration of rights. Further, the dissenting opinion relies on Judge Wilson's dissenting opinion in *Alpert*, which quoted *Harris v. State Bank & Trust Company of Wellston*, 484 S.W.2d 177, 178-79 (Mo. 1972). *Harris* stated the declaratory judgment act "should be used with caution. And except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists." *Id.* Just as the principal opinion noted in *Alpert*, 543 S.W.3d at 595 n.6, and this Court must reiterate again today, the dissenting opinion's reliance on *Harris* is misplaced because *Harris* did not present a constitutional challenge and *Harris*' "exceptional circumstances plainly appearing" test has not been cited or relied upon by this Court since *Harris* was decided fifty years ago. This Court declined to apply the "exceptional circumstances plainly appearing test" in *Alpert*, and neither the parties nor the dissenting opinion provide any reason to change course four years later. Similarly, the dissenting opinion here echoes Judge Wilson's *Alpert* dissenting opinion characterizing this Court's long line of precedent cited herein as "lax" only because there is no discernable ground upon which to distinguish those holdings to support its position. Rather than being "lax," the Court in *Alpert* and here applied valid, binding precedent as required by the doctrine of *stare decisis*.

### Entering Judgment Pursuant to Rule 84.14

Because this Court determined Plaintiffs have no adequate remedy at law other **\*303** than to pursue their declaratory judgment action, Plaintiffs' fifth point on appeal urges this Court to enter judgment pursuant to Rule 84.14 regarding SAPA's constitutional validity in the interest of justice because no material facts are in dispute. The state disagrees, arguing the appropriate remedy is to remand the matter to the circuit court for it to consider Plaintiffs' constitutional claims in the first instance.

Rule 84.14 provides, "The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give." Rule 84.14 further provides, "Unless justice otherwise requires, the court shall dispose finally of the case." Plaintiffs rely on *Nicolai* and *Gurley* to support their argument this Court should invoke Rule 84.14 and declare the parties' rights under SAPA rather than remand the cause for further proceedings.

In *Nicolai*, the city conceded the circuit court erred in failing to dismiss the cat owner's petition for failing to state a claim. *Nicolai*, 762 S.W.2d at 425. This Court reversed the circuit court's judgment and rendered "a final determination on the issues presented in the pleadings" upon the joint request of the parties. *Id.* at 426. This Court agreed "[b]ecause there [were] no disputed facts, and the issue [was] a purely legal one ...." *Id. Nicolai* is distinguishable because the parties here do not jointly request this Court to declare the parties' respective rights under SAPA.

 **[11]**  **[12]**  In *Gurley*, the plaintiff applied for a private investigator's license, was denied initially, but received the license after the administrative hearing commission conducted its review. *Gurley*, 361 S.W.3d at 409. The plaintiff nevertheless continued to challenge the constitutional validity of the statutory scheme under which he was licensed. *Id.* The circuit court dismissed the plaintiff's constitutional claims after concluding the licensure statutes were constitutional on their face. *Id.* On appeal, this Court recognized when the circuit court "fails to make a declaration settling rights, as when it dismisses a petition without a declaration, a reviewing court may make the declaration." *Id.* at 411 (quoting *Nicolai*, 762 S.W.2d at 426). Moreover, "[w]hen there are no disputed facts, and the issue is a purely legal one, the reviewing court will declare the rights and duties of the parties." *Id.* (quoting *Law v. City of Maryville*, 933 S.W.2d 873, 877 (Mo. App. W.D. 1996)).

*Gurley* does not aid Plaintiffs' position because the circuit court here has not been afforded any opportunity to review the merits of Plaintiffs' constitutional challenges or their claims for injunctive relief. Moreover, Plaintiffs concede they have not filed a dispositive motion seeking a declaration SAPA is unconstitutional. *Cf. Woods*, 595 S.W.3d at 505 (invoking Rule 84.14 to declare the rights of the parties rather than remand for further proceedings after the parties filed cross-motions for summary judgment). Accordingly, this Court declines Plaintiffs' invitation to enter judgment on the merits

Appellate Case: 23-1457     Page: 8     Date Filed: 03/13/2023 Entry ID: 5254573

on Plaintiffs' underlying claims pursuant to Rule 84.14 or address Plaintiffs' remaining points on appeal at this stage of the proceedings.

### Conclusion

The circuit court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Wilson, C.J., Russell, Powell, Breckenridge and Ransom, JJ., concur; Fischer, J., dissents in separate opinion filed.

Zel M. Fischer, Judge, dissenting.

**\*304** I respectfully dissent. I would affirm the circuit court's judgment because Plaintiffs have an adequate remedy at law, and, therefore, their claims are not appropriate for declaratory judgment. As the principal opinion correctly states, "The lack of an adequate remedy at law is a prerequisite to relief via declaratory judgment," *City of Kansas City, Mo. v. Chastain*, 420 S.W.3d 550, 555 (Mo. banc 2014), and when an "alternative remedy is a pending suit, there is even greater justification to apply the rule against allowing declaratory judgment actions." *Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011). [1]

This Court has recognized declaratory judgment, "while ... interpreted liberally, is not a general panacea for all real and imaginary legal ills, nor is it a substitute for all existing remedies. It should be used with caution. And except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists." *Harris v. State Bank & Trust Co. of Wellston*, 484 S.W.2d 177, 178-79 (Mo. 1972). Writing for the three member dissent in *Alpert v. State*, Judge Wilson reiterated the bounds of the exception to this Court's general rule well, pointing out, "To be sure, this Court has been lax from time to time in enforcing this 'adequate remedy at law' requirement, but such deviations only can be justified —if at all—when there are 'exceptional circumstances' that 'plainly appear[ ]' from the facts of the case." 543 S.W.3d 589, 604 (Mo. banc 2018) (alteration in original) (quoting *Harris*, 484 S.W.2d at 178-89). Plaintiffs' broad facial challenge, lacking any specific factual allegations, certainly misses the targeted analysis justifying the exceptional relief of

declaratory judgment. Should a precise, actual controversy be alleged to exist under SAPA relative to any of the Plaintiffs, a declaratory judgment may be proper, but a general declaratory judgment is not available to speculative "situations that may never come to pass." *Schweich v. Nixon*, 408 S.W.3d 769, 778 (Mo. banc 2013).

Here, there is nothing barring Plaintiffs from raising their constitutional issues as affirmative defenses in any suit brought pursuant to SAPA. Plaintiffs, therefore, possess an adequate remedy at law. The principal opinion dismisses this argument, simply asserting the pending suits "likely will not provide Plaintiffs an opportunity to adjudicate their specific constitutional **\*305** claims due to their procedural posture[.]" To the contrary, not only have Plaintiffs raised facial constitutional claims as an affirmative defense in these pending cases, nothing precludes Plaintiffs from raising a facial challenge as a defense in any future case.

The principal opinion suggests "Plaintiffs need not subject themselves to multiple, individual suits to assert their constitutional challenges." But the pleadings in this case fail to demonstrate an "exceptional circumstance" and should not otherwise persuade this Court to depart from its general rule forbidding declaratory judgment actions when the plaintiff can assert its constitutional claim as a defense. Nevertheless, I encourage a prompt resolution of this case on remand by the circuit court so individual cases involving actual controversies will not be stalled pending the facial constitutional challenge pleaded in this case.

"In order to mount a facial challenge to a statute, the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Donaldson v. Mo. State Bd. of Registration for the Healing Arts*, 615 S.W.3d 57, 66 (Mo. banc 2020) (alteration in original) (internal quotation marks omitted). "It is not enough to show that, under some conceivable circumstances, the statute might operate unconstitutionally." *Id.* (internal quotation marks omitted). When "a statute is susceptible to more than one construction, this Court's obligation is to construe the statute in a manner consistent with the constitution." *City of Jefferson v. Missouri Dep't of Nat. Res.*, 863 S.W.2d 844, 848 (Mo. banc 1993); *see also Glossip v. Mo. Dep't of Transp. & Highway Patrol Employees' Ret. Sys.*, 411 S.W.3d 796, 802 (Mo. banc 2013) (holding "This Court will construe a statute in favor of its constitutional validity ..."); *Watts v. Lester E. Cox Med. Ctrs.*, 376 S.W.3d 633, 647 (Mo. banc 2012); *State*

Appellate Case: 23-1457    Page: 9    Date Filed: 03/13/2023 Entry ID: 5254573

*ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n*, 344 S.W.3d 178, 187 (Mo. banc 2011) [2] .

Plaintiffs' facial challenge contends "[SAPA] ignores the Supremacy Clause and seeks to invalidate some universe of federal laws that the General Assembly deems unconstitutional[.] ... The General Assembly cannot impose its view of the validity of federal laws on anyone, much less the courts." The Solicitor General responds by contending a reasonable construction based on the text of SAPA demonstrates the General Assembly is merely "stat[ing] its view that such laws and regulations infringe[ ] on the right to keep and bear arms[.]" The Solicitor General, on behalf of State, argues SAPA was not intended and does not seek to nullify state or federal law, but rather expresses the General Assembly's collective opinion regarding the constitutional validity of the laws mentioned. No party to this case contends the collective opinion of the General Assembly in this regard usurps this **\*306** Court's obligation of judicial review [3] or would bind this Court or any other court.

**All Citations**

643 S.W.3d 295

## Footnotes

1       All statutory references to SAPA are to RSMo Supp. 2021.

2       This Court has exclusive jurisdiction over an appeal involving the constitutional validity of a statute. Mo. Const. art. V, sec. 3.

3       Because the state conceded there was "substantial overlap" between its motion for judgment on the pleadings and Plaintiffs' motion for injunctive relief and encouraged the circuit court to consider the motions together, this Court finds the factual allegations contained in the preliminary injunction are a part of the record before this Court. This Court does not, however, consider the renewed preliminary injunction as a response to the state's motion for judgment on the pleadings. Moreover, merely because the circuit court did not consider the allegations in the renewed preliminary injunction motion when making its ruling does not mean those factual allegations are not a part of the record below.

4       *See Quintin L. Davis v. St. Louis Metro. Police Dep't*, No. 21AC-CC00280 (Mo. Cir. Ct. July 26, 2021); *Darian R. Halliday v. St. Louis Metro. Police Dep't*, No. 21AC-CC00334 (Mo. Cir. Ct. Aug. 24, 2021) (asserting SAPA should be applied retroactively).

5       *Shawn D. Nettles St. Louis Metro. Police Dep't*, No. 21AC-CC00367 (Mo. Cir. Ct. Sept. 20, 2021) (seeking SAPA enforcement for conduct that occurred in 2018); *Michael D. Edwards v. Bennie B. Blackman, et al.*, No. 21AC-CC00383 (Mo. Cir. Ct. Oct. 4, 2021) (seeking SAPA enforcement for conduct that occurred in 2020); *Jason M. Thompson v. St. Louis Cnty. Police Headquarters*, No. 21AC-CC00392 (Mo. Cir. Ct. Oct. 8, 2021) (seeking SAPA enforcement for conduct that occurred in April 2021).

6       This Court's finding that the pending lawsuits do not provide an adequate remedy at law does not render superfluous section 1.460.1 enforcement actions or Plaintiffs' ability to assert defenses in the future. This Court's holding speaks only to Plaintiffs' ability to assert their constitutional challenges in the cited pending lawsuits when compared to seeking declaratory judgment.

1       The principal opinion wrongly asserts "Because the State conceded there was 'substantial overlap' between its motion for judgment on the pleadings and Plaintiffs' motion for injunctive relief and encouraged the circuit court to consider the motions together ... the factual allegations contained in the preliminary injunction are part

Appellate Case: 23-1457     Page: 10     Date Filed: 03/13/2023 Entry ID: 5254573

of the record before this Court." *Op.* at 299 n.3. This mistake results in the principal opinion considering factual allegations the circuit court did not consider when ruling on the State's motion for judgment on the pleadings.

At the hearing, when the State and City argued the City's motion for preliminary injunction and the State's motion for judgment on the pleadings, the circuit court and State engaged in the following exchange regarding the motions being heard:

> MR. SAUER: And, your Honor, if I may, there's really substantial overlap between the two motions. We might want to just argue them both at the same time. You know, there's – most of the issues I think are purely legal in the PI motion and obviously that's true in the motion for judgment on the pleadings.
>
> The COURT: Yeah, I'm sure that you-all won't re-plow ground that's already been tilled.

The only agreement was that the motions be argued at the same time, not that the factual allegations in the City's motion for preliminary injunction be considered as a response to the State's motion for judgment on the pleadings.

2      This Court's unanimous opinion in *State ex rel. Praxair, Inc. v. Missouri Public Service Commission*, explained this well-settled principle with clarity:

> Because the legislature is presumed to enact laws that comport with constitutional standards, this Court is reluctant to interpret statutes in a manner that would render them unconstitutional or raise serious constitutional difficulties. A court should avoid a construction which would bring a statute into conflict with constitutional limitations. It has long been an axiom of statutory interpretation that where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of the legislature.

344 S.W.3d at 187 n.7 (internal citations, alterations, and quotations omitted).

3      Mo. Const. art. V, § 3; ⚑ *Marbury v. Madison*, 5 U.S. 137, 138, 1 Cranch 137, 2 L.Ed. 60 (1803).

---

**End of Document**                                          © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Appellate Case: 23-1457     Page: 11     Date Filed: 03/13/2023 Entry ID: 5254573