

ATTORNEY GENERAL OF MISSOURI

ANDREW BAILEY

March 6, 2024

**<u>VIA CM/ECF</u>**

Mr. Michael Gans
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Federal Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

RE:  *United States v. Missouri*, No. 23-1457
     Supplemental Authority under Rule 28(j)

Dear Mr. Gans:

After oral argument, this Court decided *Arc of Iowa v. Reynolds*, No. 22-3338 (Feb. 27, 2024), which is relevant to the jurisdictional question here. *E.g.*, Missouri Reply Br. 10–17.

The Court concluded that plaintiffs failed to establish traceability when they sued the Governor and Director of Department of Education over a statute, "which prohibits mask requirements in schools unless otherwise required by law." Slip op. 1. Plaintiffs failed because they "have not shown" that the defendants "have a duty to enforce [the statute] or that they have attempted to enforce" it. *Id.* at 4–5. Any injury stemmed not from the Governor or Director, but from schools that did not impose mask mandates. *Id.*

Similarly here, the United States "ha[s] not shown" that defendants "have a duty to enforce [SAPA] or that they have attempted to enforce" it. If the United

1

States has an injury, it stems from the threat of enforcement by *private* individuals. *Id.* The United States seeks relief against the Governor and Attorney General in federal court in the hope that state courts, adjudicating suits by private plaintiffs, will find a federal opinion persuasive. That is not enough for redressability because "[p]rivate litigants," this Court has concluded, "will not be constrained by any injunction that could be issued against the state officials." *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 958 (8th Cir. 2015).

In *Arc of Iowa*, this Court also concluded that a plaintiff could not "assert 'rights' that it believed schools" had, because that dispute was "between the State and the school districts." Slip op. 3 n.1. But the United States has done that here. It has in effect asserted not its own rights, but "rights that it believe[s]" political subdivisions in Missouri possess. That is why the district court's judgment frees *state agencies*, not the Federal Government, from regulation. It reads:

> State and local law enforcement officials in Missouri may lawfully participate in joint federal task forces, assist in the investigation and enforcement of federal firearm crimes, and fully share information with the Federal Government without fear of H.B. 85's penalties.

JA154.

Sincerely,

*/s/ Joshua M. Divine*
Joshua M. Divine, MO 69875
Solicitor General
Missouri Attorney General's Office
207 W. High Street
Jefferson City, Missouri 65102
(573) 751-8870
Josh.Divine@ago.mo.gov
*Counsel for State of Missouri*

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which serve all counsel of record.

/s/ *Joshua M. Divine*

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the body of this letter contains 350 words as determined by the word-count feature of Microsoft Word. This letter has been scanned for viruses and is virus-free.

/s/ *Joshua M. Divine*

The Arc of Iowa; Charmaine Alexander, Individually and on behalf of C.B.; Johnathan Craig, Individually and on behalf of E.C. on behalf of J.C.; Michelle Croft, Individually and on behalf of J.J.B.; Amanda Devereaux, Individually and on behalf of P.D.; Carissa Froyum Roise, Individually and on behalf of H.J.F.R.; Lidija Geest, Individually and on behalf of K.G.; Melissa Hadden, Individually and on behalf of V.M.H.; Lisa Hardisty Sithonnorath, Individually and on behalf of A.S.; Rebekah Stewart, Individually and on behalf of E.M.S.; Heather Lynn Preston, Individually and on behalf of M.P. on behalf of S.P.; Erin Vercande, Individually and on behalf of S.V.

*Plaintiffs - Appellees*

v.

Kimberly Reynolds, In her official capacity as Governor of Iowa; Ann Lebo, In her official capacity as Director of the Iowa Department of Education

*Defendants - Appellants*

Ankeny Community School District; Council Bluffs Community School District; Davenport Community School District; Decorah Community School District; Denver Community School District; Des Moines Public Schools; Iowa City Community School District; Johnston Community School District; Linn Mar Community School District; Waterloo Community School District

*Defendant*s

------------------------------

Appellate Case: 23-1457     Page: 5     Date Filed: 03/06/2024 Entry ID: 5370522

American Academy of Pediatrics; Iowa Chapter of the American Academy of Pediatrics

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 10, 2024
Filed: February 27, 2024

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

The Arc of Iowa and Iowa parents whose children have disabilities ("Plaintiffs") commenced this action to enjoin enforcement of Iowa Code § 280.31, which prohibits mask requirements in schools unless otherwise required by law. This Court previously vacated as moot a preliminary injunction issued by the district court, finding the circumstances and conditions surrounding COVID-19 vastly differ than when the injunction was issued. The ARC of Iowa v. Reynolds, 33 F.4th 1042 (8th Cir. 2022). The case was remanded to the district court for further proceedings.

On remand, the district court granted Plaintiffs' motion for summary judgment and issued two declarations: (1) "the phrase 'other provision[s] of law' as is used in Iowa Code section 280.31 includes Title II of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act;" and (2) "Iowa Code section 280.31 cannot be cited as the only basis to deny a student's request for reasonable modification or accommodation made under Title II of the ADA or section 504 of the Rehabilitation Act that includes requiring others to wear masks."

Iowa Governor Kimberly Reynolds and Iowa Department of Education Director Ann Lebo appeal, raising three claims: (1) Plaintiffs have not satisfied the exhaustion requirements imposed by the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 et seq.; (2) Plaintiffs lack standing; and (3) the relief granted by the district court was unnecessary and improper. The school districts did not appeal.[1]

Because there is "[n]o principle more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction" to decide only actual cases or controversies, we begin with the issue of standing. McNaught v. Nolen, 76 F.4th 764, 768 (8th Cir. 2023) (quoting Sch. of the Ozarks, Inc. v. Biden, 41 F.4th 992, 997 (8th Cir. 2022)). The existence of standing is a legal issue that we review *de novo*. Dalton v. NPC Int'l, Inc., 932 F.3d 693, 695 (8th Cir. 2019). The "irreducible constitutional minimum" required to establish standing involves three elements: (1) the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Plaintiffs, as the parties invoking federal court jurisdiction, bear the burden of establishing these elements. Id.

Plaintiffs are unable to satisfy the first element. To establish standing, Plaintiffs must show they suffered an injury in fact that is concrete, particularized, and actual or imminent. Braitberg v. Charter Commc'ns, Inc., 836 F.3d 925, 929 (8th Cir. 2016) (stating that to meet the injury requirement, the injury must be "both concrete and particularized and actual or imminent, not conjectural or hypothetical"). "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." TransUnion LLC v. Ramirez,

---

[1]At argument, Plaintiffs asserted "rights" that it believed schools should be given with regard to masking in schools. Given Plaintiffs' arguments, the crux of any dispute (if there is one) appears to perhaps be between the State and the school districts. Since the school districts did not appeal and are not a party before us, the precise nature of any ongoing dispute is unclear to us.

594 U.S. 413, 435 (2021). If the risk is too speculative, Article III standing is lacking. Id. at 437-38 (determining that "plaintiffs did not factually establish a sufficient risk of future harm to support Article III standing" because the risk that misleading credit information would be disseminated to third parties was too speculative).

We find persuasive the First, Fifth, and Sixth Circuits that have determined the general risks associated with COVID-19, even though COVID-19 remains an ever-present concern in society, are not enough to show "imminent and substantial" harm for standing. See Roe v. Healey, 78 F.4th 11, 21 (1st Cir. 2023) (determining parents of students with disabilities lacked standing to seek prospective declaratory or injunctive relief prohibiting closure of in-person education due to COVID-19); R.K. by and through J.K. v. Lee, 53 F.4th 995, 999 (6th Cir. 2022) (noting that to constitute concrete injury, falling ill from COVID-19 due to a lack of universal masking is too speculative); E.T. v. Paxton, 41 F.4th 709, 716 (5th Cir. 2022) (finding the plaintiffs increased risk of contracting COVID-19 is insufficient to demonstrate an impending future injury, particularly since the odds of contracting COVID-19 and suffering complications are speculative and the time, if ever, when it would occur is uncertain). Here, because Plaintiffs have only alleged the potential risk of severe illness should they contract COVID-19 at school, the risk of harm is too speculative to satisfy the injury in fact element.

Even if Plaintiffs could show injury in fact, they cannot carry their burden to establish traceability. Article III requires a showing of "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (cleaned up). The defendants before us are the Governor of Iowa and the Iowa Director of the Department of Education. In Disability Rights South Carolina v. McMaster, parents of students with disabilities who attended South Carolina public school challenged a state law that prohibited school districts from using appropriated funds to impose mask mandates. 24 F.4th 893 (4th Cir. 2022).

-4-

The Fourth Circuit found the parents lacked standing to sue the Governor or Attorney General because the alleged injuries were not fairly traceable to their conduct and an order enjoining enforcement of the law would not redress the claimed injuries because the law does not prohibit a school district from imposing a mask mandate. Id. at 901-904. As in McMaster, Plaintiffs here have not shown that either the Governor or the Director of the Department of Education have a duty to enforce Iowa Code § 280.31 or that they have attempted to enforce the law in a manner that has directly affected them. Further, Iowa Code § 280.31 does not prohibit a school from complying with disability laws, nor have Plaintiffs alleged that a school denied their request for masking as a reasonable accommodation tailored to their child's situation. Plaintiffs have failed to demonstrate the existence of a case or controversy that invokes federal court jurisdiction.

For the foregoing reasons, we vacate the district court's order and remand with instructions to dismiss this action for lack of standing.

_____