

U.S. Department of Justice
Civil Division
950 Pennsylvania Ave. NW, Rm. 7214
Washington, DC 20530

MSR:ACW:JESandberg

Tel.: (202) 532-4453

VIA CM/ECF

March 7, 2024

Michael E. Gans, Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: *United States v. State of Missouri*, No. 23-1457

Dear Mr. Gans:

We write in response to the State of Missouri's March 6 letter regarding *The Arc of Iowa v. Reynolds*, No. 22-3338 (8th Cir. Feb. 27, 2024).

That decision offers no support for Missouri here. *Arc of Iowa* concerned a suit by parents of children with disabilities against Iowa's Governor and Director of Education to challenge a statute "prohibit[ing] mask requirements in schools unless otherwise required by law." Op. 2. This Court held that plaintiffs lacked standing for two sets of reasons. First, plaintiffs' only claimed injury—"the potential risk of severe illness should they contract COVID-19 at school"—was "too speculative to satisfy the injury in fact element." Op. 4. Second, that future injury was not "fairly traceable" to the Governor or Director: plaintiffs had not shown that either official had "a duty to enforce [the statute] or that they have attempted to enforce the law in a manner that has directly affected them," and "[f]urther," the statute did "not prohibit a school from complying with disability laws" or considering a "request for masking as a reasonable accommodation tailored to their child's situation." Op. 5.

As discussed at length in our response brief (Br. 1-2, 11-14, 20-39) and at oral argument, this case is not a pre-enforcement suit brought against inapposite defendants and premised on fears of future injury. It is a suit against the State itself to enjoin further implementation of a statute that purports to nullify federal law and that has already caused numerous, concrete harms to the United States. The State is indisputably responsible for that conduct, and the

district court's injunction against the State and its officials prohibiting "any and all implementation and enforcement of H.B. 85" provides meaningful redress for the United States' injuries. App. 153.

        Sincerely,

        /s/ Jeffrey E. Sandberg
        Jeffrey E. Sandberg
        Civil Division, Appellate Staff
        U.S. Department of Justice
        (202) 532-4453
        jeffrey.e.sandberg@usdoj.gov

        *Counsel for the United States of America*

cc: all counsel of record (via CM/ECF)